IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TINA W.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-43**       (Fam. Ct. Taylor Cnty. No. FC-46-2014-D-40)

**SPENCER W.,**
**Petitioner Below, Respondent**


### MEMORANDUM DECISION


Petitioner Tina W.[1] appeals five orders issued by the Family Court of Taylor County regarding the ongoing contempt by Respondent Spencer W. for his failure to comply with the family court's rulings on child support and equitable distribution. Spencer W. did not participate in the appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.[3] For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Our Court has previously issued memorandum decisions in this divorce matter for Case Numbers 23-ICA-396, 23-ICA-490, and 23-ICA-501. Thus, because those decisions contain detailed factual recitations, we will only briefly discuss the background facts of the case in this decision.

The parties were divorced by an agreed divorce order entered on January 13, 2015. In that order, Spencer W. was ordered to pay Tina W. $550,000 with 5% interest accruing per year for her share of equitable distribution. Spencer W. immediately failed to comply

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Tina W. is self-represented.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

with the parties' agreed divorce order. Thereafter, Tina W. filed her first of many petitions for contempt on March 26, 2015, which was followed by numerous other pleadings and documentation being filed with the family court. After multiple hearings on Spencer W.'s longstanding contempt, he allegedly owed more than $700,000, including interest, to Tina W. for her share of equitable distribution.

Of importance to this appeal is a family court order entered on March 7, 2022, (following a hearing on July 19, 2021), in which the family court held that it has previously indicated that "all pending [contempt] petitions filed by Tina W. were considered to be ongoing without the need to file additional, supplemental allegations of ongoing and uncured contemptuous alleged conduct of Spencer W." Despite the family court's suggestion for Tina W. *not* to file additional pleadings regarding Spencer W.'s uncured contempt, Tina W. continued to file numerous related pleadings and/or letters, which were left unaddressed by the family court for a time.

Because the family court failed to address some of Tina W.'s pleadings and letters, she filed a writ of mandamus in circuit court against the family court judge. A hearing on the writ was held on July 6, 2023. At that hearing, the circuit court judge encouraged the family court judge and Tina W. to reach an agreement rather than sit through a lengthy mandamus hearing; the family court judge and Tina W. agreed that a hearing on all outstanding issues would be held on July 31, 2023. However, shortly thereafter, Spencer W.'s former attorney filed a motion to withdraw as counsel due to Spencer W.'s incarceration and inability to pay his legal fees. Over Tina W.'s objections, the family court granted the motion to withdraw and appointed a guardian ad litem ("GAL") for Spencer W. on July 11, 2023, due to his incarceration.

The family court then failed to schedule the hearing on all outstanding issues, as it had agreed during the mandamus hearing. In response, Tina W. filed a motion to disqualify the family court judge, which was dismissed by an administrative order entered by the Supreme Court of Appeals of West Virginia on or about July 26, 2023. Tina W. then filed a petition for contempt against the family court judge on August 15, 2023, in circuit court.[4]

On or about August 27, 2023, Spencer W. was released from jail, after serving 175 days for his failure to comply with the family court's orders. According to Tina W., at that time, he allegedly owed over $87,000 in past due child support and had not made an equitable distribution payment since November of 2019.

On September 8, 2023, Tina W. filed a notice of Spencer W.'s continued failure to make child support payments and a motion for additional sanctions. Thereafter, on

---

[4] It is unclear from the record whether the circuit court has ruled on Tina W.'s contempt petition.

September 19, 2023, she filed a motion for immediate sanctions. Then, on November 6, 2023, she filed a notice of outstanding obligation and motion for the immediate entry of a special commissioner. A review contempt hearing was held on December 6, 2023. At that hearing, Tina W. requested that Spencer W. be incarcerated again for his ongoing contempt. Spencer W., in contrast, argued that he should have never been found in contempt but admitted that he has done nothing to purge said contempt. An order was entered on January 2, 2024, and an amended order was entered on January 12, 2024. In the amended order, the family court held that: (1) the above three filings had been addressed at the December 6, 2023, hearing, and that they would be removed from the court's docket; (2) Spencer W. was still in willful contempt, (3) Spencer W. would be placed in a full program of home confinement; and (4) the parties had ninety days to from the date of the order's entry to provide a complete accounting. The family court also denied Tina W.'s request for the appointment of a special commissioner.

On January 3, 2024, the family court entered an order scheduling a contempt review hearing for July 10, 2024, and an order addressing a motion to compel West Union Bank that had been filed by Tina W. on March 10, 2023. In its West Union Bank order, the family court denied Tina W.'s motion, holding that the matter was not ripe for a motion to compel, and that Tina W. did not follow the West Virginia Rules of Civil Procedure regarding her discovery requests. Also, on January 2, 2024, the family court issued a rule to show cause against Tina W. for her failure to file evidence of payments made to her for equitable distribution. In that order, the family court stated that Tina W. had been ordered in the December 6, 2023, hearing to file evidence of her payments one page at a time rather than in voluminous filings and that proof of payments needed to be filed promptly after receiving them. On January 17, 2024, the family court entered an order dismissing the rule to show cause against Tina W. but stated that she was still in noncompliance with the directives given to her on December 6, 2023.

On January 5, 2024, the family court received a letter from the Taylor County Sheriff's Department stating that home confinement would not be a good option for Spencer W. due to his work schedule, which required him to work throughout the state and out of state. Therefore, the family court modified the sanction to weekends only. On January 16, 2024, the family court received correspondence that Spencer W. failed to report for home confinement. Therefore, on January 25, 2024, the family court entered an order modifying sanction, wherein it ruled that Spencer W. would report to the Tygart Valley Regional Jail every weekend from Friday at 8:00 p.m. until Sunday at 8:00 p.m.

It is from the January 2, 2024, order addressing Tina W.'s motion to compel, the January 3, 2024, order scheduling a review hearing, the January 12, 2024, amended order, the January 17, 2024, order dismissing contempt proceeding, and the January 25, 2024, order modifying sanction that Tina W. now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Tina W. raises five assignments of error, each of we address considering the broad authority afforded family court judges to manage the business before them. *See* W. Va. Code § 51-2A-7(a)(7) and (b) (2013). First, she asserts that the family court erred in its January 12, 2024, Amended Order Following Contempt Review Hearing of December 6, 2023, by stating three unresolved issues were, in fact, resolved. The three issues include: (1) a September 8, 2023, notice of Spencer W.'s continued failure to make child support payments and a motion for additional sanctions; (2) a September 19, 2023, motion for immediate sanctions; and (3) a November 6, 2023, notice of outstanding obligation and motion for the immediate entry of a special commissioner. With regards to the September 8, 2023, notice, we disagree with Tina W.'s assertion that it needed to be addressed, as it was not a pleading, but rather a notice. Regarding Tina W.'s September 19, 2023, motion for immediate sanctions, we note that the family court ordered Spencer W. to report to jail every weekend upon learning that home confinement was not an option; therefore, her motion was properly addressed by the family court. Next, Tina W.'s motion for the appointment of a special commissioner was denied, and, therefore, addressed by the family court.[5]

---

[5] It is unclear from the appendix what amount continues to be owed to Tina W. for her share of equitable distribution and child support. If outstanding issues remain that could be resolved more efficiently by utilizing a special commissioner pursuant to West Virginia Code § 55-12-7 (1923) and West Virginia Code § 48-7-107 (2001), we encourage the family court to consider appointing one to assist in bringing this case to a final resolution.

West Virginia Code § 55-12-7 states:

> A court of law or equity, in a suit in which it is proper to decree or order the execution of any deed or writing, may appoint a commissioner to execute the same; and the execution thereof shall be as valid to pass, release, or extinguish the right, title and interest of the party on whose behalf it is

Second, Tina W. contends that the family court erred in its January 25, 2024, Order Modifying Sanction Following Contempt Review Hearing of December 6, 2023, by modifying Spencer W.'s sanction simply based upon his testimony that he works throughout the State and out of town even though he was previously found not to be credible. The Supreme Court of Appeals of West Virginia has consistently held that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). It appears that the family court found Spencer W.'s assertions about his work to be credible. As an appellate court, we lack the authority to make a credibility determination and, therefore, decline to reverse on this assignment of error.

Third, Tina W. argues that the family court's January 3, 2024, Order Scheduling Contempt Review Hearing, which scheduled the hearing for July 10, 2024, six months after the order's entry, was erroneous because this matter has been ongoing for more than ten years. We disagree. While this matter has been unresolved for far too long, and is undoubtedly frustrating to Tina W., the facts of this case are unique and have been riddled with Spencer W.'s blatant noncompliance with multiple orders and the excessive filing of various pleadings, motions, letters, and notices by Tina W. West Virginia Code § 51-2A-7(a)(1) (2013) gives family courts the power to "[m]anage the business before them." In this case, the family court has been burdened with the responsibility of imposing various sanctions for noncompliance and addressing hundreds of filings over the course of approximately ten years. Due to the significant value of assets and the unique circumstances involved, we conclude that the family court did not err or abuse its discretion by scheduling a contempt review hearing six months after the scheduling order was entered.

Fourth, Tina W. asserts that the family court erred by entering its January 2, 2024, order addressing her motion to compel West Union Bank because the motion had previously been addressed by the family court and appealed to this Court. In short, the family court mistakenly ruled on the motion to compel twice. The family court denied Tina W.'s motion to compel West Union Bank by order entered on October 12, 2023, stating that it lacked jurisdiction under West Virginia Code § 51-2A-2 (2018). She appealed it to this Court in Case Number 23-ICA-501, and we affirmed the family court's ruling. *See Tina W. v. Spencer W.*, No. 23-ICA-501, 2024 WL 4360013 (W. Va. Ct. App. Oct. 1, 2024) (memorandum decision). Therefore, this issue is moot, and we decline to address it.

As Tina W.'s fifth and last assignment of error, she contends that the family court erred when it entered a rule to show cause against her and later canceled it by an order

---

executed, as if such party had been at the time capable in law of executing the same and had executed it.

entered on January 17, 2024, but still held that Tina W. was in noncompliance with the court's order that she provide proof of all payments she has received for her share of equitable distribution. We disagree. For this assignment of error, Tina W. has failed to state how the family court erred by entering the rule to show cause against her. The family court stated in its rule to show cause that Tina W. had been ordered in the December 6, 2023, hearing to file evidence of her payments one page at a time rather than in voluminous filings and that that proof of payments needed to be filed promptly after receiving them. Given the numerous filings in this case, it was not erroneous, and was well within the family court's discretion in managing its cases, to direct the parties to file evidence of payments efficiently and one page at a time.

Accordingly, we affirm the family court's January 2, 2024, January 3, 2024, January 12, 2024, January 17, 2024, and January 25, 2024, orders.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

6